IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03033-WYD-MEH

ADRENALINE ACADEMY, LLC, a Colorado limited liability company,

Plaintiff,

v.

ADRENALINE GYMNASTICS ACADEMY, INC., a Colorado corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff Adrenaline Academy, LLC ("AA") and Defendant Adrenaline Gymnastics Academy, Inc. ("AGA") (collectively "the Parties"), by and though their undersigned counsel hereby submit to the Court this stipulated Protective Order to govern the production and use of discoverable information which may be confidential and/or trade secret information of the disclosing party and hereby requests the court to order the following:

IT IS HEREBY ORDERED:

1. **Scope of Order.** This Order shall govern the use and disclosure of all alleged confidential, proprietary or trade secret information ("Confidential Information") produced by or on behalf of any party or furnished by any person associated with any party on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any

other disclosure or discovery proceeding in the above titled action. The form of information protected includes, but is not limited to, documents and things, responses and requests to produce documents or other things, deposition testimony and exhibits, interrogatory answers, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. **Confidentiality Designations.** Any party, person, or entity producing information in this action that they reasonably believe contains Confidential Information may designate it as such by labeling the first page of the document "CONFIDENTIAL". Any information produced that any party, person, or entity reasonably believes contains Confidential Information that would provide a competitive advantage to another party may designate it, by labeling the first page of the document, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY". If a subpoenaed party does not designate any document or thing that a Party reasonably believes should be entitled to "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" protections, such party may make any such designation within 10 days of the production of any such document or thing by the subpoenaed party. For all other documents and things, the designation of confidentiality shall be made at the time of the production of the documents or things if they were produced after the entry of this Order. The designation may be made within 30 days of the entry of this Order for any other documents. For deposition testimony, the designation of confidentiality shall either be made on the record of the deposition, or within ten business days after receipt of the deposition transcript. For interrogatory answers, the designation of

confidentiality shall be made at the time of the answer to the interrogatory is submitted. However each party retains the right to subsequently re-designate documents and to require such documents to be treated in accordance with such designations thereafter. Such disclosures shall not result in the waiver of any associated privilege.

3. **Resolution of disputes regarding designation.** If a Party takes issue with the designation of confidentiality that party shall inform the other in writing, and the parties shall make a good faith effort to resolve the dispute by agreement. If the parties cannot resolve the dispute regarding designation of confidentiality, the party opposing the designation may request relief from the court ten business days after providing the disclosing party written notice confirming its belief that the good faith efforts to resolve the disagreement have failed. The burden of establishing good cause for the document's confidentiality designation is on the disclosing party. The challenged designation shall remain in effect until changed by order of the court or agreement of the parties. Any request for relief sought pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a confidentiality designation is being challenged and state the basis for such challenge.

4. **Access to Confidential Information.** Access to information marked "CONFIDENTIAL" shall be limited to the following "Qualified Persons":

a. The Parties, including the officers, partners, in-house counsel and management employees of the parties or related entities which share common control or employees with the parties, unless the information is designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

b. The Parties' independent third-party attorneys, including any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such legal counsel in this action. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order;

c. Persons who are directly and actively assisting trial counsel in the preparation of this action, including parties assisting in electronic discovery and mediators. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and content of this Protective Order and execute such acknowledgement in the form of Exhibit A attached hereto;

d. The Court and court personnel, any court reporter or typist recording or transcribing testimony given in this action;

e. Experts and consultants retained in this matter by the attorneys in so far as the attorneys may deem it necessary for the preparation or trial of this matter. Prior to any expert or consultant being permitted access to any of the Confidential Information, each such expert or consultant shall first execute a declaration agreeing to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto.

f. Information or documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to independent third party counsel for the parties and experts employed by the parties in this matter, and not

to any other person designated as a "Qualified Person" under this Section. The disclosing Party shall only designate any information or documents as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if such information or document is or contains proprietary or trade secret information, which may include, but is not limited to, technical or scientific information, pending patent applications, confidential pricing information, sales information, marketing and strategic business information, customer lists or information, and corporate financial information.

5. **Use of Confidential Information.** Confidential Information disclosed pursuant to this Protective Order shall be used only for purposes of the above captioned matter and shall be protected from any unauthorized or unrelated use. Any deposition, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", or when counsel for a party deems that the answer to a question shall result in the disclosure of Confidential Information, counsel for that party may request that all persons other than the reporter, counsel and individuals herein authorized leave the deposition room during the confidential portion of the deposition. All information designated as Confidential Information which is filed or lodged with the court shall be filed in accordance with D.C.COLO.LCivR. 7.1 and 7.2. The parties agree not to oppose any Motion to Seal filed in accordance with this section. Any objections to such Motion may be made in accordance with D.C.COLO.LCivR. 7.2(H).

6. **No Waiver.** Other than specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object

to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief.

7. **Termination of Litigation.** Within thirty days of the final disposition of this matter, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record shall destroy or return to the disclosing party or its attorney the confidential information in their possession, custody or control or in the possession, custody or control of their staff, experts and constituents, and shall destroy all notes, memoranda or other documents which contain excerpts from any of the confidential information, except that counsel may retain one copy of such notices, memoranda or other documents for their files, and shall deliver to the disclosing party or its attorney written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the court for such further order as may be appropriate.

8. **Acceptance and Inadvertent Disclosure.** Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

9. In the event that any party hereto claims that any provision of the Order has been violated, such party may move this Court, upon proper notice, for appropriate sanctions and/or other relief.

10. Nothing in this Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this action or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

11. This Order shall not preclude any party from using or disclosing any of its own documents or materials for any lawful purpose.

12. This Order may be amended without leave of Court by written agreement of the parties.

13. **Enforcement of this Protective Order.** This Protective Order shall survive the conclusion of this action and the court shall have jurisdiction to enforce this order beyond the conclusion of this action.

Dated and entered this 1st day of April, 2011, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

By:___/s/ Marc L. Schatten________
Marc L. Schatten
1120 Lincoln Street, Suite 1000
Denver, CO 80203
Telephone: (303) 388-3200
Fax: (720) 306-2359
mls@denverlawfirm.com

ATTORNEY FOR PLAINTIFF

By:___/s/ Jacob W. Paul__________
Jacob W. Paul
Peter C. Lemire
Leyendecker & Lemire, LLC
9137 E. Mineral Cir., Suite 280
Centennial, CO 80112
Telephone: (303) 768-0123
Fax: (303) 672-9200
Jake@coloradoiplaw.com
Peter@coloradoiplaw.com

ATTORNEYS FOR DEFENDANT

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-03033-WYD-MEH

ADRENALINE ACADEMY, LLC, a Colorado limited liability company,

Plaintiff,

v.

ADRENALINE GYMNASTICS ACADEMY, INC., a Colorado corporation,

Defendant.

---

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

---

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are provided to me pursuant to the terms and conditions and restrictions of the Stipulated Protective Order ("the Order") dated ____________ __, 2011 in the above-styled Action; that I have been given a copy of and have read the Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Order, is prerequisite to my review of any produced materials, as defined in the Order.

I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents, including notes or other memoranda writings

regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this Action.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions.

I further agree to be subject to the jurisdiction of the Court to enforce this Order.

Dated:______________________

By: ________________________

Printed Name: ________________________

Subscribed and sworn to before me

this ______ day of ________________

________________________________

Notary Public